ART DURANDO, Appellant, v. MAPES ENTER-
PRISES, INC., a Nevada Corporation, Respond-
ENT.

No. 4586

May 27, 1963                                        381 P.2d 683

*Springer & Newton,* of Reno, for Appellant.

*Woodburn, Forman, Wedge, Blakey and Folsom,* of
Reno, for Respondent.

## OPINION

By the Court, BADT, C. J.:

Of appellant's three assignments of error, the first
two were abandoned. The third, liberally construed, is

that the findings are not supported by the evidence. The trial court found as follows:

"That the defendant, at all times mentioned in plaintiff's complaint, was a Nevada corporation owning and operating a restaurant known as the Mapes Coffee Shop, to which the general public was invited for the consumption of food; that said defendant warranted to the general public, including plaintiff, that the food prepared, served and sold by it was wholesome and fit for human consumption; that on or about July 3, 1960, plaintiff was a paying patron in said restaurant and at said time and place ordered strawberry ice cream containing a piece of glass; that the injuries sustained by plaintiff as a result of having the upper gums of his mouth coming in contact with said glass were minimal; that plaintiff was paid Seven Hundred Fifty Dollars ($750.00) by the insurance carrier for Chism Ice Cream Company in settlement of all claims that said plaintiff had against said Company, arising out of said incident; that said amount more than compensated said plaintiff for damages resulting from said injuries aforementioned; that said plaintiff is not entitled to recover further damages against the defendant herein; and that said defendant and its duly authorized agents and servants were not negligent in serving to plaintiff said ice cream containing glass."

The opening statement made to the court by plaintiff's counsel admitted receipt of the sum of $750 from [Chism] Ice Cream Company.

Appellant does not attack the court's conclusion that the receipt by plaintiff of said sum of $750 was "admissible in evidence to be considered by the above entitled court for the purpose of mitigating or reducing damages sustained by said plaintiff." In its finding that plaintiff's damage was minimal and that said amount more than compensated plaintiff for damages resulting from his injuries, the court's further conclusion that judgment be entered in favor of defendant and against plaintiff was fully justified.

As the findings find substantial support in the evidence, and as plaintiff has been fully compensated for his injuries and is not entitled to be twice compensated, Waters v. Stevenson, 13 Nev. 157, Hansen v. Collett, 79 Nev. 159, 380 P.2d 301, the judgment must be affirmed with costs.

It is so ordered.

McNAMEE, J., and MOWBRAY, D. J., concur.

Justice Gordon Thompson being disqualified, the Governor commissioned Honorable John C. Mowbray, Judge of the Eighth Judicial District, to sit in his place.